**Robert Harold MOORE, Petitioner—Appellant,**

v.

**Joseph L. MCGRATH, Warden, Respondent—Appellee.**

No. 04–57192.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2007.*

Filed Feb. 12, 2007.

Robert Harold Moore, Crescent City, CA, pro se.

Diane E. Berley, Esq., West Hills, CA, for Petitioner–Appellant.

Analee J. Brodie, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, LEAVY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

The district court dismissed with prejudice Moore's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Moore appeals. The facts and prior proceedings are repeated herein only as necessary.

Moore argues that the trial court violated his due process rights both by allowing defense witness Bruce Snyder ("Snyder") to invoke his Fifth Amendment right to remain silent and by refusing to grant Snyder immunity to testify at Moore's tri-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

al. Under either claim of error, a grant of Moore's petition would be warranted only if the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).[1]

Moore was convicted of manufacturing methamphetamine on a theory of aiding and abetting. Moore admitted to the police that he lived at the residence where the methamphetamine lab was housed, that he was paid for allowing the methamphetamine manufacturers to operate there, and that his fingerprints might be found on the equipment used in the production of methamphetamine, some of which he had provided and helped to set up. Further, a search of Moore's residence located physical items used in the manufacture of methamphetamine, scales, and a white crystalline substance. The state court, whose findings of fact are not in dispute and are owed deference by this court, found Snyder not to be a credible witness. Thus, we agree with the district court that any testimony from Snyder supporting Moore's denial of involvement in manufacturing methamphetamine would have been thoroughly undermined by Moore's own admissions and the corroborating physical evidence. We are satisfied that any error either in allowing Snyder to invoke his right to remain silent or in refusing to grant immunity would not have had a substantial and injurious effect or influence upon the jury's verdict.

The district court's dismissal with prejudice of Moore's petition is therefore

**AFFIRMED.**

---

1. Moore cites no clear authority for his contention that the decision not to grant immunity amounts to "structural error" and is therefore not subject to harmless error review. Prior cases have reviewed such error under the *Brecht* standard. *See United States v. Young,* 86 F.3d 944, 949 (9th Cir.1996); *United States v. Baker,* 10 F.3d 1374, 1415 (9th Cir.1993) (overruled on other grounds).

